UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARISSA GREMILLION                                              CIVIL ACTION

VERSUS                                                          NO.: 14-665-BAJ-RLB

WAL-MART STORES, INC. and NATIONAL
UNION FIRE INSURANCE COMPANY

# ORDER

Before the court is Plaintiff's Motion for Relief from Scheduling Order and Incorporated Memorandum filed on July 1, 2015. (R. Doc. 11). The motion is opposed. (R. Doc. 13). Also before the court is Plaintiff's "Motion to Substitute" filed on July 17, 2015 (R. Doc. 14), which seeks to substitute a new "Motion for Relief from Scheduling Order" (R. Doc. 14-1) and supporting memorandum (R. Doc. 14-2) for the motion and memorandum filed on July 1, 2015.

This slip-and-fall action was removed on October 21, 2014. (R. Doc. 1). The parties submitted a joint status report on February 5, 2015. (R. Doc. 6). On March 2, 2015, the court entered a scheduling order based on deadlines jointly submitted by the parties. (R. Doc. 8). The scheduling order provides, as requested by the parties, that Plaintiff must disclose the identities and resumes of her experts by May 29, 2015; Plaintiff must provide her expert reports by June 30, 2015; non-expert discovery closes on August 21, 2015; and expert discovery closes on September 25, 2015. Trial is set for May 9, 2016.

On May 29, 2015, Plaintiff filed into the record a "Disclosure of Experts and Persons to be used at Trial." (R. Doc. 9). This document identifies over a dozen individuals who may testify as experts with regard to Plaintiff's alleged injuries and damages.

Plaintiff is now seeking leave to identify an additional expert in the field of safety management approximately one month after the deadline to identify experts has expired and one

day after the deadline to provide expert reports expired. In support of her request, Plaintiff states that on October 23, 2014, she propounded Interrogatories and Requests for Production on Defendants and Defendants provided responses on December 5, 2015. (R. Doc. 11 at 1-2). Plaintiff further states that "defendants refused to provide certain documents allegedly containing protected, proprietary information" and have not provided those documents to date. (R. Doc. 11 at 2). Plaintiff anticipates that depositions of fact witnesses, and a corporate representative of defendant Wal-Mart Stores, Inc., will be taken sometime in July of 2015. (R. Doc. 11 at 2). Plaintiff further anticipates that the confidential documents withheld by Defendants, in addition to the depositions, "will reveal that employees of the pertinent Wal-Mart Store failed to inspect the aisle where plaintiff . . . injured herself on November 19, 2013." (R. Doc. 11 at 2).

In opposition, Defendants argue that Plaintiff's request should be denied because she, unlike Defendants, has failed to diligently seek discovery in this matter or identify all of her experts within the time requested and allowed by the court. (R. Doc. 13 at 1). Defendants further argue that allowing Plaintiff to identify a safety expert at this point in the litigation would prejudice them as they will not have sufficient opportunity to find an expert to respond to the newly identified expert's report. (R. Doc. 13 at 2). Defendants also argue the substantive point that a safety expert will not provide any "specialized knowledge" that is not obvious to a lay person, and any opinion provided by the newly identified expert should be excluded. (R. Doc. 13 at 2). Finally, Defendants represent that they did not refuse to provide any responses to discovery on December 5, 2015, and instead, on December 1, 2015, offered to produce the documents at issue subject to a protective order governing confidentiality. (R. Doc. 13 at 3). Plaintiff did not agree to enter into such a protective order until the filing of the parties' joint motion for protective order on June 30, 2015. (R. Doc. 12).

Plaintiff's proposed substitute "Motion for Relief from Scheduling Order" (R. Doc. 14-1) and Memorandum in Support (R. Doc. 14-2) do not provide any additional information with regard to why Plaintiff did not agree to entry of a protective order governing confidentiality (or otherwise move to compel the production of withheld documents) well before the deadline to identify experts and provide expert reports. Similarly, the substitute motion and memorandum in support do not indicate how Plaintiff diligently conducted discovery to determine what experts she would like to identify prior to the deadline to do so. The only relevant new information provided in the proposed substitute motion and memorandum is that fact depositions are scheduled to occur in August of 2015, and Plaintiff is now requesting, in the alternative, for leave to identify her proposed safety expert as a rebuttal witness.[1]

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The court's scheduling order informed the parties that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 8 at 2-3).

Having considered the representations and arguments of both parties, the court does not find good cause for extending the deadline to identify expert witnesses for Plaintiff. As early as

---

[1] Should Plaintiff wish to identify their proposed safety expert as a rebuttal expert, she may do so as allowed by Rule 26(a)(2)(D)(ii).

December 1, 2014, Plaintiff was aware that Defendants were withholding certain confidential documents responsive to her discovery requests solely on the basis of their confidentiality. Plaintiff did not agree on entry of a protective order governing the exchange of confidential documents at that time or otherwise seek to compel production of the documents. Plaintiff has not been diligent in seeking these materials.[2] Furthermore, Plaintiff merely speculates that, once produced, those documents and depositions will evidence that the employees of Wal-Mart Stores, Inc. failed to inspect the relevant area. Defendants deny that assertion. (R. Doc. 13 at 3-4). Plaintiff does not indicate why she did not diligently conduct discovery to identify whether she would want to identify an expert in the area of safety prior to the deadline to identify experts and provide expert reports.

In short, Plaintiff does not provide good cause for the extension sought in either her instant Motion for Relief from Scheduling Order (R. Doc. 11) or her proposed substitute Motion for Relief from Scheduling Order (R. Doc. 14-1).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Scheduling Order (R. Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute (R. Doc. 14) is **DENIED** as there is not good cause to grant the relief requested in the substituted motion. Signed in Baton Rouge, Louisiana, on July 20, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court has granted a motion for a protective order that was filed this month.